IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER ORTIZ-SOLEDO,
 a/k/a LUCIA ZAPATA

        Petitioner,

v.                                                         CIV 10-210 JCH/KBM

RAY TERRY, Warden,
Otero County Processing Center,

        Defendant-Movant.

# ORDER TO SERVE & RESPOND

      When he was housed in the Otero County Processing Center, Javier Ortiz-Soledo filed a form petition seeking habeas relief under § 2241. *See Doc. 3.* According to his petition, Ortiz-Soledo is a native and citizen of Mexico and first entered the United States illegally in 1990. Thereafter, he married a United States citizen, is the father of a son who is a United States citizen, was deported in 2005, and reentered again illegally to work and reunite with his family then living in Los Angeles, California. *See id.* at 4. He was taken into custody by the United States Immigration and Customs Enforcement ("ICE") on July 2, 2009, after a traffic stop revealed he was driving without a license. *See id.* at 5. Petitioner asserts that an immigration judge ordered him removed pursuant to a final order dated November 9, 2009, and that he cooperated and signed all necessary travel documents, but as of March 2, 2010, he still had not been removed from the United States or provided a review of his continued custody. *See id.* at 5-8.

Citing *Zadvydas v. Davis,* 533 U.S. 678 (2001) and *Clark v. Martinez,* 543 U.S. 371 (2005), and as the primary basis for his statutory and constitutional arguments, *see Doc. 3* at 6-8, Petitioner seeks declaratory relief granting him "immediate release" from custody and injunctive relief barring "further unlawful detention," *id.* at 9.[1]  The United States moves to dismiss the action as moot because "Mr. Ortiz-Soledo bonded out of the Otero County Processing Center on March 24, 2010.  He is no longer detained.  His status makes the request in his petition moot." *Doc. 9* at 1.

Both the Government's certificate of service and this Court's electronic notice of filing indicate that the April 2, 2010 motion was sent to Petitioner at the processing center though he had been released nine days earlier.  *See id.* at 2; *Docket Sheet* (NEF for Document 9).  While there is no indication that the Court's legal mail was returned undeliverable, there is also no response from Petitioner to the motion (which can be grounds to grant it under the Court's local

---

[1] The form petition seeks attorney fees and costs under the Equal Access to Justice Act under 28 U.S.C. § 2412 and 5 U.S.C. § 504. *See Doc. 3* at 9.  However, such fees are not recoverable here because Petitioner is *pro se* and because of the nature of the proceedings. *See e.g., Demarest v. Manspeaker,* 948 F.2d 655, 655-56 (10th Cir. 1991) (construing 28 U.S.C. § 2412(d); "We join other circuits in holding that attorney fees are not available for *pro se* litigants under the EAJA. . . .  The language of the statute indicates that Congress intended for *pro se* litigants to have retained an attorney in order to re-cover fees under the statute. . . .  Moreover, the legislative history supports limiting the award of attorney fees to litigants who have retained an attorney."); Van Dinh v. Reno, 197 F.3d 427, 428 n.1 (10th Cir. 1999) ("The EAJA is also codified in part at 5 U.S.C. § 504, and provides that prevailing parties in certain adversarial administrative proceedings may recover attorney's fees and costs from the government.  The Supreme Court has held, however, that because deportation proceedings are not subject to the Administrative Procedures Act, aliens who have prevailed in deportation proceedings are not entitled to recovery of attorney's fees under § 504. . . . Other courts have held, for the same reason, that attorney's fees are not recoverable in immigration cases under the judicial review provision of § 2412(d)(1)(A).") (citing *Ardestani v. INS,* 502 U.S. 129, 139 (1991), and *Full Gospel Portland Church v. Thornburgh,* 927 F.2d 628, 631 (D.C. Cir.1991), and *Hashim v. INS,* 936 F.2d 711, 715 (2nd Cir. 1991)).

rules) or a notice of change of address (which is required by the Court's local rules).[2]  Thus, while the United States is correct that the case appears moot,[3] it also appears that, having been released, Petitioner is no longer interested in litigating this matter.  Lack of prosecution, like

---

[2] *See* D.N.M.LR-Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); D.N.M.LR-Civ 7.4(a)  ("Except as otherwise provided for in the [Federal Rules of Civil Procedure] a response must be served and filed within fourteen (14) days after service of the motion"); D.N.M.LR-Civ 83.6 ("83.6 Change of Address.  All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses.").

[3] When, in a case like this, the person is deported or released from custody after his habeas petition is filed, but before the Court makes its decision, the habeas petition is moot and the action is dismissed unless one of the exceptions to the mootness doctrine applies.  *See e.g., Ferry v. Gonzales,* 457 F.3d 1117, 1132 (10th Cir. 2006) (deportation mooted challenge to lack of a bond hearing during detention); *Riley v. Immigration & Naturalization Serv.,* 310 F.3d 1253, 1256-57 (10th Cir. 2002) ("supervised release" of person to be deported "does not automatic-ally moot [the action] because he was in custody at the time of filing. . . .  Our inquiry then becomes whether Appellant meets one of the exceptions to the mootness doctrine. . . .  We are somewhat concerned about the circumstances surrounding Appellant's release and the potential for the INS to resume Appellant's detention.  However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue.  Therefore, based on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.); *Sule v. Immigration & Naturalization Serv.,* 1999 WL 668716 at * 1 (10th Cir. 1999) (unpublished)  ("Sule challenges the legality of his detention by the INS; he does not challenge the legality of his underlying criminal conviction.  Thus, any injury Sule suffered resulted from the mere fact of his detention, and the function of the writ of habeas corpus in this case would be to secure his release from illegal custody.  Because Sule has been released from custody, however, 'a favorable judicial decision' is unlikely to redress any 'actual injury traceable' to his detention. . . . We conclude that Sule's [deportation]  has mooted his challenge to the legality of his detention."); *Lucero v. McCune,* 340 Fed. App'x 442, 443-44 (10th Cir. 2009) ("When a prisoner has been released from custody while his or her habeas petition is pending, the court's jurisdiction depends upon the existence of 'collateral consequence[s] of the conviction' adequate to meet Article III's injury-in-fact requirement. . . .  In other words, the petitioner must demonstrate 'some concrete and continuing injury.'") (quoting *Spencer v. Kemna,* 523 U.S. 1, 7, 14 (1998)); *Suarez-Tejada v. United States,* 85 Fed. App'x 711, 715 (10th Cir. 2004) (Mariel Cuban who was under order of removal but on "parole" and "transfer[ed] to a halfway house and subsequent[ly] release[d] to a sponsor" brought *Zadvydas* claim; held that possibility of parole revocation was "too attenuated" to keep case from being moot).

mootness, can also grounds for dismissal without consideration of the merits of the case.[4]

Because there is confusion about service of the motion, I will ask the United States to assist.

    Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. Within ten days of receipt of this Order, the United States ascertain whether the Otero County Processing Center is forwarding legal mail and did so with Petitioner. If Petitioner was not sent his legal mail, and the new address for Petitioner is ascertainable, I ask the United States to serve Petitioner with a copy of its motion and this Order;

2. Within fourteen days of receipt of the motion and this Order, Petitioner shall comply with the local rules and file a notice of his new address and his response to the United State's motion; and

3. **Petitioner is also hereby notified that failure to respond to this Order may result in dismissal without further notice.**

                                                        */s/ Karen B. Molzen*
                                           UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").